NO. 8348

COURT OF APPEAL

PARISH OF ORLEANS

8348

———

F. RIVERS RICHARDSON

versus

Mrs. MARY FLUKER BRADFORD.

———

———

Court of Appeal
PARISH OF ORLEANS
FILED Nov 13/22
Fanshury

.755

Dinkelspiel; J.

Plaintiff institutes this suit on the following agreement:

"New Orleans, La. August 21, 1918.

Mr. F. Rivers Richrdson,
City.

Dear Sir:

You are hereby accorded the exclusive authority to sell the following described lands, owned by me, located in Ascension Parish, this state, at the price of twenty five dollars per acre on terms of cash or part cash and the balance. to be properly secured. Xxmxx Your compensation for making this sale shall be five per cent of the selling price, payable when transfer is made."

Then follows a description of the land. The contract specifies that some is to remain in force for one year from its date and plaintiff is to receive a commission of five per cent of the selling price of said property.

It s further averred that the defendant is the widow in community of the late James L. Bradford, and also his universal legatee and under the contract in question, as such universal legatee and widow in community, she is indebted unto plaintiff for services rendered in the full sum of $1991.76, with legal interest thereon.

To this petition there was filed an exception of no cause or right of action, and subsequently an answer, reserving the benefit of the exception and further averring: "Further answering, your respondent says that after the appointment by the late James L. Bradford, of the petitioner herein, as his agent, for the sale of the property set forth in exhibit "A", and before the sale was effected by petitioner herein, and before the date of the offer of Rozell McWilliams, August 15th, 1919, the said James L. Bradford departed this life, as appears by the succession proceedings of James

756

L. Bradford, No. 135923 of the Docket of this Court; that upon the death of the said James L. Bradford, the agency accorded to the plaintiff herein was ceased and expired and plaintiff had no right or equity under the aforesaid authorization marked exhibit "A", and that the said authorization to said Richardson was that of agency. ~~xxxxxxxxxxxxxxxxxxxxxxxxx~~ And further averring that the plaintiff herein in submitting the offer of Mr. Rozell McWilliams, submitted an offer which was not bona fide and in good faith, that same was not in accord with the terms of the authorization which James L. Bradford had given to plaintiff and that said Rozell McWilliams was not ready, willing or able to carry out the offer as set out in written document dated August 15th, 1919, and addressed to your respondent, That at the time of making said offer, petitioner was ~~xxxxx~~ neither the agent of the late James L. Bradford or of his estate or of respondent."

Wherefore defendant prayed that plaintiff's suit be dismissed at his cost.

We are therefore presented with the question, whether or not under the laws of this state the death of James L. Bradford did or did not terminate this contract.

The Civil Code, Article 3016. Brokers. The broker or intermediary is he who is employed to negotiate a matter between two parties and who for that reason is considered as the mandatory of both."

Civil Code Art. 3985. Mandate. A mandate, procuration, or letter of attorney is an act by which one party gives power to another to transfer for him and in his name, one of several affairs.

"The true definition of a broker seems to be that he is an agent employed to make bargains between other persons in matters of trade, commerce, or navigation, for a compensation, commonly called brokerage. Or a broker is one who makes a bargain for another and receives a commission for so doing. (Story on Agency, par. 28. Also see Meschem on Agency, par. 74).

757

Civil Code, Art. 3027 provides: The procuration expires:

By the death, seclusion, interdiction or failure of the agent or principal."

It has been held in the earliest cases reported, Copelly, curator vs. Dalton, 4th Martin's Reports, N. S., p. 123, ~~axgxxi28~~ the court goes on to say:

It is manifest that the power of the agent had ceased by the death of his constituent long before the sale was made to the appellant, and that this occurrence was known to the attorney in fact; the defendant could, therefore obtain no title through him in th t capacity as representing Whiting, in whom resided the legal title.

In the case of Holmes vs. Murdock, 125 Ann. 916, the Court there decides:

The death of the defendant put an end to the agency and precluded a recovery by the plaintiff for unearned salary.

Citing authorities.

In the case of Auguste Tete vs. D. Lanaux, Executor, 45th Ann. 1343 the same doctrine "that the death of the defendant put an end to the agency and precluded a recovery by plaintiff for unearned salary,"was maintained.

In the case of Emily L. Shiff, Tutrix vs. the Succession of Alexander Leaseps, to be found in the 22nd Ann. 185, the syllabus reads:

"A contract between a        planter and a factor or commission merchant, whereby the latter binds himself to furnish the necessary supplies for the working of the plantation, not to exceed a specified amount, and to receive and sell the products of the place for the benefit of the planter, is a contract of agency on the part of the merchant, which terminates at the death of the agent. By the death of the agent, in such a case, the planter is absolved from all obligations to continue the contract, and the heirs of the agent are not bound on the contract. Such an agreement is personal, and not heritable."

It has been held: "A power of attorney coupled with an interest is not revoked by the death or bankruptcy of the principal." Jacques vs. his creditors, 38 Ann. 308.

The difference between a clerk and a broker is that the former hires his services exclusively to one person while the latter is employed to make bargains and contracts with other persons in matters of trade, commerce and navigation.

For services of the former there is a fixed, stated salary, while for those of the latter a compensation commonly called brokerage is allowed. Story's Agency, Sec. 26.

Under the authorities as quoted and under the articles of the Civil Code, we are satisfied that the agency of plaintiff ceased at the death of his principal, and while there are many contrary opinions based on different propositions of both law and facts, we believe the better principals of law stated in this opinion must prevail, and that the exception of no cause or right of action should be maintained.

For the reasons assigned, it is ordered, adjudged and decreed that the judgment of the Court a quo be and the same is annulled, xx and reversed and there now be judgment in favor of the defendant, dismissing plaintiff's suit at his cost, in both courts.

—Judgment reversed, and suit dismissed—